## RABY *vs.* BROWN.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND DISTRICT PESIDING.

Where the cause had been laid over, from day to day, until the last day of the term ; when it was taken up, the defendant's counsel moved for attachments for his absent witnesses, and that the cause lie over until the attachments be returned : *Held,* that the party must either proceed to trial, or disclose and show the materiality of the testimony of the absent witnesses.

This is an action to recover a sum of money on a written contract, signed by the defendant, in which he engages to purchase and pay for a crop then growing on his own land, but made by the plaintiff.

EASTERN DIST.    The defendant pleaded various matters in defence, and
*January*, 1840.  reconvened in damages.

RABY
*vs.*
BROWN.

The following term of the court, after the cause was at
issue, it was laid over, from time to time, until the last day
of the term, when it was called up for trial.

The defendant's counsel (he being absent) moved for
attachments, returnable instanter, to bring in two witnesses
residing in the parish, and that the trial be suspended until
the attachments were returned.    The judge presiding refused
to wait, and ordered the trial to proceed, unless the party
disclosed what he expected to prove by said witnesses.    The
defendant's counsel answered that they could not make such
disclosure, as the defendant himself was absent.    The judge
ordered the trial to proceed, on the grounds that the cause
had been assigned for trial, and postponed from day to day,
though not from the fault of the parties, but from the press
of business ; that, as the court was about to close its term,
it was useless to issue attachments for the witnesses, because
the court would be adjourned before a return could be made;
that, in ordinary cases, in the commencement of the term,
when the attendance of witnesses could be procured, an
attachment would be allowed, and the trial delayed, without
compelling the party to disclose what he expected to prove,
&c.    The defendant's counsel excepted to the decision of the
court ruling them to trial.

Judgment was rendered in favor of the plaintiff for part of
his demand, and the defendant appealed.

*Burke* and *Taylor*, for the appellant.

*Edwards*, contra.

*Morphy, J.*, delivered the opinion of the court.

This suit has been brought on certain articles of agree-
ment to recover of defendant the purchase money of a sale
to him made by plaintiff.    Various matters were set up in
defence and damages claimed in reconvention for a breach
of the contract sued on.

Our attention has been called to a bill of exceptions which presents the only question in the cause, to wit: whether the defendant was properly ruled to trial in the court below.

On the last day of the term, this case, which had been postponed from day to day, came on for trial, when defendant's counsel caused two of his witnesses to be called. ' They not appearing, he exhibited summonses regularly served on them, prayed for an attachment, and moved that the case be laid over until the return of the attachment. The court considering that this course amounted to a motion for a continuance, because no return could be expected before its adjournment, decided that defendant should proceed in the trial, or disclose the facts which he expected to prove by his absent witnesses. The defendant's counsel stated that the course suggested by the court could not be complied with, defendant not being present, and his counsel not being informed of the evidence expected of the witnesses. We think that the court did not err. Had the motion been one for continuance *eo nomine*, the court, before granting it, should have been satisfied of the materiality of the evidence wanted, and it would have been incumbent on the party or his counsel, to be ready in court, to make the necessary oath. To permit the course attempted to be pursued here, would be to permit an evasion of all those articles of our Code of Practice which require a party to show the necessity of further delay, before he can entitle himself to a continuance. The mere act of taking a *subpœna* from the clerk, and handing it to the sheriff, does not, in any way, show the necessity or materiality of the testimony of the witnesses summoned.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Where the cause had been laid over, from day to day, until the last day of the term; when it was taken up, the defendant's counsel moved for attachments for his absent witnesses, and that the cause lie over until the attachments be returned: *Held*, that the party must either proceed to trial, or disclose and show the materiality of the testimony of the absent witnesses.